■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARLETON MITCHELL, Respondent, v. WALTER B. MARTIN, as Warden of Attica Prison, Appellant.— Order unanimously reversed and relator remanded to County Court of Seneca County for further proceedings. in accordance with the memorandum. Memorandum: The relator was convicted and sentenced for assault, second degree, in Seneca County Court in June of 1944. In 1955, he was convicted of assault, second degree, and sentenced as a second offender in the County Court of Onondaga County. Thereafter he petitioned for the issuance of a writ of habeas corpus claiming that before the pronouncement of sentence under the 1944 conviction, the court failed to comply with section 480 of the Code of Criminal Procedure. In his petition for the writ he asks ".that he be ordered remanded to the Court of Seneca County at Ovid, N. Y., to the end that there be compliance with section 480 of the Code of Criminal Procedure consonant with due process of law.". After a hearing in that proceeding County Judge John S. Conable, of Wyoming County, found that section 480 had not been complied with, and ordered that the relator be remanded to Seneca County for further proceedings upon the 1944 conviction. Upon his appearance, the Seneca County Court reversed and expunged the 1944 judgment of conviction and dismissed the indictment and ordered that relator be remanded to Onondaga County Court for sentence as a first offender upon the 1955 conviction. The record is silent as to just what happened after the order of Seneca County. However, that order was erroneous. The failure of that court to comply with section 480 upon the original sentence did not nullify the conviction, and sentence should have been reimposed after compliance with said section 480. (*People ex rel. La Shombe* v. *Jackson,* 7 N Y 2d 345; *People ex rel. Emanuel* v. *McMann,* 7 N Y 2d 342; *People ex rel. Miller* v. *Martin,* 1 N Y 2d 406.) The order appealed from must be reversed and relator remanded to County Court, Seneca County upon the 1944 conviction for resentence, after which relator should be remanded to the County Court, Onondaga County, for sentence upon the 1955 conviction as a second offender if, in fact, he was sentenced as a first offender in accordance with the direction contained in the Seneca County Court order appealed from. (Appeal from order of Seneca County Court directing that the conviction of relator and sentence imposed June 12, 1944, be reversed and expunged and that relator be returned to Onondaga County Court for sentence as a second offender.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ HARRY GZANOWICZ, Appellant, v. CITY OF LITTLE FALLS et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Williams, P. J., Goldman, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PERCY GREEN, Appellant.— Motion granted and appeal dismissed.

■ In the Matter of ALPHONSE AMIGONE, Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant. In the Matter of MORRIS SINGER, Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— In each case, motion to dismiss appeal denied, upon condition that records and appellant's briefs be filed and served on or before December 16, 1960 and respondent's briefs on or before December 23, 1960 and that the appellant be prepared to argue the case at the January 1961 Term. (Orders entered Dec. 8, 1960.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST JACKSON, Appellant.— Order entered December 8, 1960 amended to provide that appeal be taken on printed record prepared by Erie County Clerk (Code Crim. Pro., § 485, subd. 8).